FILED

MAR 14 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    )    Case No. 06-20545-A-7
                                         )
TINISHA JASPER,                          )    Docket Control No. PCJ-1
                                         )
        Debtor.                          )    Date: March 14, 2006
                                         )    Time: 1:00 p.m.
                                         )
_____)

### MEMORANDUM

Tinisha Jasper filed a chapter 7 petition on March 8, 2006. Her petition is on new Official Form 1. Ms. Jasper's petition indicates at page 2 that (1) her landlord obtained a judgment against her for possession of the debtor's residence; (2) under applicable nonbankruptcy law, there are circumstances under which a tenant is permitted to cure a monetary default that gives rise to a judgment for possession after the entry of that judgment; and (3) Ms. Jasper included with her petition the rent for the 30-day period after the filing of the petition.

Section 362(b)(22)[1] provides that, subject to section 362(l), the automatic stay does not apply to the continuation of an eviction proceeding involving residential real property

---

[1] Unless otherwise indicated, chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

occupied by the debtor. This new exception is applicable if the landlord has obtained a judgment for possession of the property prior to the filing of the bankruptcy petition.

However, section 362(l) permits the debtor to avoid the application of section 362(b)(22) in a 30-day, two-step process.

First, concurrently with filing the petition, the debtor must certify under penalty of perjury that applicable nonbankruptcy law permits the debtor, in some circumstances, to cure the entire monetary default that gave rise to the judgment for possession, even after the judgment was entered. In addition, the debtor must certify that the debtor, or an adult dependent of the debtor, has deposited with the clerk of the court any rent that would become due during the 30-day period after the filing of the bankruptcy petition. The clerk of the court must promptly transmit the amount deposited to the landlord.

An amendment of Official Form 1, the voluntary petition form, implements section 362(l)(1). The new petition form includes the initial certification required by section 362(l). The debtor's signature at the conclusion of the form attests that all information given on the form is done so under penalty of perjury.

Ms. Jasper utilized this form, completed the initial certification required by section 362(l)(1), and signed it under penalty of perjury.

After complying with section 362(l)(1), a debtor must, within 30 days of filing the petition, file a second certification attesting that the debtor, or an adult dependent of

the debtor, has cured the entire monetary default that gave rise to the judgment for possession. Unlike the rent for the first 30 days of the bankruptcy case, the amount necessary to cure the default is not deposited with the clerk. It must be paid directly to the landlord.

Under section 362(l)(3), the landlord may file an objection to one or both of the certifications filed by the debtor. The objection must be served upon the debtor. The statute provides that the court "shall" conduct a hearing within 10 days of the filing and service of the objection by the landlord. The purpose of the hearing is to determine whether the certification to which the landlord has objected "is true." If the objection is sustained, the exception to the automatic stay, section 362(b)(22), is fully applicable and the landlord may recover possession of the residential property despite the filing of the petition. The clerk of the court must immediately serve upon the landlord and the debtor a "certified copy" of the court's order sustaining the landlord's objection.

In this case, Ms. Jasper's landlord, Ron and Maureen Ashley, filed an objection to her initial certification. Ms. Jasper complains that she has not been given sufficient notice of the hearing on the Ashleys' objection. The objection was mailed to her on March 9, and the courtroom deputy clerk telephoned Ms. Jasper on March 10 and March 13 to advise her that she could appear at the hearing by telephone and that the hearing would take place at 1:00 p.m. on March 14. With this service and notice, Ms. Jasper was able to file a written response to the objection and to appear at the hearing by telephone.

Also, the court is required by section 362(l)(3)(A) to hold a hearing on any objection by a landlord "within 10 days after the filing and service of such objection . . ." and determine at that hearing whether the objection has merit.

Given the time constraints of section 362(l)(3)(A), the notice given to Ms. Jasper by both counsel for the Ashley's and the court, and Ms. Jasper's ability to respond to the objection and appear at the hearing, her objection to the amount of notice and the timing of the hearing will be overruled.

The Ashleys object to Ms. Jasper's initial certification on two grounds.

The Ashleys first argue that California law does not permit a tenant under a residential lease to cure a monetary default after entry of a judgment of possession. However, Cal. Code Civ. Proc. § 1179 gives the state court the discretion to relieve a tenant of the forfeiture of a lease, conditioned upon full payment of the rent due.

Section 362(l)(A) does not require a debtor to prove that the state court would relieve the debtor of the forfeiture. Rather, the debtor is required to show only that "there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment of possession. . . ." In this case, Cal. Code Civ. Proc. § 1179 creates the theoretical possibility that Ms. Jasper could set aside the forfeiture of her lease in state court. Therefore, this state statute gives her the opportunity to cure the default and remain in possession of her home in the context of this bankruptcy case. This aspect of the Ashleys' objection will be

1  overruled.

2  Next, the Ashleys argue that Ms. Jasper's initial
3  certification is not effective because she did not tender to the
4  court clerk the rent due for the 30-day period following the
5  filing of the petition.  Ms. Jasper maintains that she gave a
6  money order for 30 days of rent to the bankruptcy court intake
7  clerk when she filed her petition on March 8.

8  A review of the docket, however, reveals that the clerk made
9  no entry on the docket reflecting the tender of rent in any
10 amount for any period.  Had it been tendered, the clerk would
11 have issued a receipt.  Any receipt given would be noted on the
12 docket.  And, at the hearing on March 14, Ms. Jasper admitted
13 that she did not receive a receipt from the bankruptcy court
14 clerk.

15 The court concludes that Ms. Jasper did not tender any rent
16 with her petition and initial certification.

17 Therefore, the objection to the initial certification will
18 be sustained and section 362(b)(22) shall be immediately
19 applicable.  A separate order sustaining the objection will be
20 entered and, as required by section 362(l)(3)(B)(ii), the clerk
21 shall serve a certified copy of that order upon the Ashleys and
22 Ms. Jasper.

23 Dated: 14 March 2006

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Tinisha Jasper<br>1571 Waterwheel Dr #6<br>Sacramento, CA 95833 | Ron and Maureen Ashley<br>c/o<br>Pamela C. Jackson<br>409 Boyd St<br>Vacaville, CA 95688 | U.S. Trustee<br>501 I St #7-500<br>Sacramento, CA 95814 |

DATED: 3/15/06      By: _Janet M Larson_
                                          Deputy Clerk

EDC 3-070 (New 4/21/00)